United States District Court
Southern District of Texas
**ENTERED**
June 20, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAUL ALFREDO ESPINOSA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-197 |
| | § | |
| WARDEN FCI THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner Raul Alfredo Espinosa is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Three Rivers, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated. His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Middle District of North Carolina.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

## II. BACKGROUND

Petitioner pleaded guilty in the Middle District of North Carolina to one-count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A). *United States v. Raul Alfredo Espinosa*, No. 1:06-cr-359-1

(M.D. N.C. filed July 5, 2007)(Judgment). Petitioner was sentenced on July 5, 2007 to 262 months custody in the U.S. Bureau of Prisons, five years supervised release, and a $100.00 special assessment. *United States v. Raul Alfredo Espinosa*, No. 1:06-cr-359-1 (M.D. N.C. filed July 5, 2007)(Judgment). Petitioner appealed to the Fourth Circuit Court of Appeals which affirmed his conviction and sentence on December 16, 2008. *United States v. Raul Alfredo Espinosa*, 303 Fed. App'x 141 (4th Cir. 2008).

Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on January 13, 2010 that the district court denied on April 16, 2012. *United States v. Raul Alfredo Espinosa*, No. 1:06-cr-359-1 (M.D. N.C. filed Jan. 13, 2010 and Apr. 16, 2012)(Motion to Vacate and Judgment 2255). On November 28, 2014, Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) which was denied on February 2, 2016. *United States v. Raul Alfredo Espinosa*, No. 1:06-cr-359-1 (M.D. N.C. filed Nov. 28, 2014 and Feb. 2, 2016)(Motion to Reduce Sentence and Order Denying Motion to Reduce Sentence). Petitioner sought to file a successive 2255 motion which the Fourth Circuit denied on March 3, 2016. *United States v. Raul Alfredo Espinosa*, No. 1:06-cr-359-1 (M.D. N.C. filed March 3, 2016)(Fourth Circuit Order). Petitioner again sought to file a successive 2255 motion in light of *Johnson v. United States*, 136 S. Ct. 1257 (2016), which the Fourth Circuit denied on June 23, 2016. *United States v. Raul Alfredo Espinosa*, No. 1:06-cr-359-1 (M.D. N.C. filed June 23, 2016)(Fourth Circuit Order).

## III. PETITIONER'S CLAIMS

Petitioner seeks to vacate his sentence by challenging the application of the Career Offender enhancement to the calculation of his sentencing guideline range imposed pursuant to U.S.S.G. § 4B1.1. Petitioner alleges two of his underlying Texas convictions are not qualifying predicate convictions for purposes of the career offender enhancement. (D.E. 1, Page 7). Petitioner alleges the remedy under § 2255 is inadequate or ineffective to challenge his conviction or sentence because there is new case law made retroactive to cases on collateral review and there has been a miscarriage of justice or fundamental defect. (D.E. 1, Page 5).

## IV. PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id.*; *Eckles v. Chandler*, 574 Fed. App'x. 446, 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a

federal sentence must either be dismissed or construed as a § 2255 motion. *Pack, 218 F.3d at* 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claims are based on the alleged incorrect application of the career offender provisions of the federal sentencing guidelines. Petitioner is challenging the enhancement of his sentence. Because Petitioner's complaints relate to the merits of his conviction, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255.

Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Reyes v. Requena*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first

§ 2255 motion. Under that set of circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate. *Reyes-Requena*, 243 F.3d at 904.

Petitioner claims there is new case law, specifically *Mathis v. United States*, 136 S. Ct. 2243 (2016), made retroactive to cases on collateral review. (D.E. 1, Page 5). However, contrary to Petitioner's assertion, the United States Supreme Court has not found *Mathis*, which the Supreme Court decided on June 23, 2016, applies retroactively to cases on collateral review. *Mathis*, 136 S. Ct. at 2257; *see also Collins v. Willis*, No. EP-17-CV-149-KC, 2017 WL 2455184, *4 (W.D. Tex. June 6, 2017); *see also Robles v. Willis*, No. EP-17-CV-88-KC, 2017 WL 1957066, § 2 (W.D. Tex. May 10, 2017)("[B]ecause the *Mathis* Court reaffirmed prior Supreme Court rulings, it has not been recognized as announcing a new substantive rule retroactively applicable to cases on collateral review.")(citation omitted).

Further, to the extent Petitioner claims he is actually innocent of the career offender enhancement, the Fifth Circuit has consistently held "that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011)(citing *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000)). Additionally, "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Dobre*, 211 F.3d at 878.

In short, Petitioner has not established that he can meet the requirements of the savings clause to file a § 2241 petition. Petitioner is challenging the validity of his career

offender sentence enhancement which was imposed by the Middle District of North Carolina. Since Petitioner's argument concerns the validity of his sentence, he must follow the requirements of § 2255. Accordingly, it is recommended that Petitioner's habeas action be **DISMISSED** because this Court does not have jurisdiction to consider his § 2255 claim and also because he has not shown § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

## V. RECOMMENDATION

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**. It is further recommended that Petitioner's cause of action not be characterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255 because Petitioner has previously filed § 2255 motions in the correct jurisdiction.

Respectfully submitted this 20th day of June, 2017.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).